**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **DAVID N. KLUNGVEDT,** | ) | |
| **Plaintiff,** | ) | **2:12-cv-00651 JWS** |
| **vs.** | ) | **ORDER AND OPINION** |
| **UNUM GROUP and PAUL REVERE LIFE INSURANCE COMPANY,** | ) | **[Re: Motions at Dockets 7, 11, & 12 ]** |
| **Defendants.** | ) | |

**I.  MOTION PRESENTED**

At docket 7, plaintiff David N. Klungvedt ("plaintiff" or "Klungvedt") moves for an expedited pretrial hearing on his claim for declaratory relief.  At dockets 11, 12, and 13, defendants Unum Group ("Unum") and Paul Revere Life Insurance Company ("Paul Revere"; collectively "defendants") move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), move to strike plaintiff's motion, and oppose plaintiff's motion respectively.  Oral argument was not requested and would not assist the court.

1

**II.  BACKGROUND**

2       Klungvedt purchased a disability insurance policy from Paul Revere in 1988.

3  Unum is the parent company of Paul Revere.  Unum paid Klungvedt benefits under the

4  policy from March 2006 until December 2008, because Klungvedt was diagnosed with

5  an inoperable cyst in his brain.  Klungvedt maintains that Unum wrongfully terminated

6  his benefits under the policy.

7       Klungvedt filed suit in Arizona state court in 2012, asserting claims for breach of

8  contract and bad faith, and seeking a declaratory judgment that 1) ERISA does not

9  apply to the insurance policy at issue, and 2) that language in a letter from Unum to

10  Klungvedt describing his rights was misleading.

11

**III.  DISCUSSION**

12       Section 2201 of Title 28 states that "[i]n a case of actual controversy within its

13  jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading,

14  may declare the rights and other legal relations of any interested party seeking such

15  declaration, whether or not further relief is or could be sought."[1]  Federal Rule of Civil

16  Procedure 57 provides that "[t]he existence of another adequate remedy does not

17  preclude a declaratory judgment that is otherwise appropriate" and that "[t]he court may

18  order a speedy hearing of a declaratory-judgment action."[2]  Plaintiff seeks a speedy

19  hearing to determine 1) whether ERISA applies and 2) whether language in Unum's

20  letter to Klungvedt, terminating benefits, was misleading.

21       Plaintiff argues that a speedy hearing will narrow the issues for trial and expedite

22  discovery.  Plaintiff also argues that prompt declaratory relief will guide the parties'

23  future conduct.  The court will first address defendants' motions for judgment on the

24  pleadings and to strike portions of plaintiff's brief.

25

26

---

27       [1]28 U.S.C. § 2201(a).

28       [2]Fed. R. Civ. P. 57.

-2-

**A.  Motion at Docket 11**

**1.  Jurisdiction**

Defendants argue first that plaintiff's declaratory judgment claim should be dismissed because there is no "actual controversy," as required by 28 U.S.C. § 2201. Specifically, defendants argue that there is no controversy because defendants do not presently contend that ERISA applies.  An "actual controversy" exists where, "the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[3]  Although defendants' argument is made in context of a Rule 12© motion, Rule 12(b)(1) would have been the proper procedural vehicle.[4]

Defendants emphasize that they "do not currently dispute that ERISA does not apply to [p]laintiff's policy or in this case."[5]  Defendants maintain that plaintiff manufactured a dispute over the applicability of ERISA and, therefore, that there is no actual controversy.  Defendants' argument is confused–§2201 permits a court to declare rights or legal relations in *cases* of actual controversy.[6]  Plaintiff's case is not limited to a request for a declaratory judgment.  Plaintiff has also asserted claims for breach of contract and bad faith stemming from Unum's denial of insurance benefits. Therefore, because the alleged facts supporting those claims satisfy Article III, plaintiff's

---

[3]*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

[4]*See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("Though lack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction."); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("The requirement that a case or controversy exist under the Declaratory Judgment Act is identical to Article III's constitutional case or controversy requirement.") (internal quotations omitted)).

[5]Doc. 12 at 5.

[6]28 U.S.C. § 2201; *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (1994).

declaratory judgment claim is asserted in a case of actual controversy, and there is no jurisdictional issue.

### 2. Redundancy

Defendants also argue that plaintiff's declaratory judgment claim should be dismissed because it would constitute a waste of judicial resources.  In deciding whether to exercise its discretion to issue declaratory relief, a district court "must balance concerns of judicial administration, comity, and fairness to the litigants."[7]  "[A] declaratory judgment may be refused where it would serve no useful purpose or would not finally determine the rights of parties or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein."[8]  Although the applicability of ERISA could be decided in the context of plaintiff's breach-of-contract and bad faith claims, a determination of its applicability at the outset would be more efficient.  Resolution of whether ERISA applies would therefore serve a useful purpose.

### 3.  Possibility of Future Harm

Defendants argue that plaintiff did not "plead anything more than a speculative possibility of future harm" and therefore declaratory relief is "not warranted."[9] Defendants have raised a second standing argument under the wrong procedural rule.[10] Even if properly raised pursuant to Rule 12(b)(1), defendants' argument fails: a plaintiff needs to demonstrate a significant possibility of future harm where *only* declaratory and

---

[7]*Kearns*, 15 F.3d at 144.

[8]*McGraw-Edison Co. v. Performed Line Products Co.*, 362 F.2d 339, 343 (9th Cir. 1966) (internal quotations omitted).

[9]Doc. 12 at 9–10.

[10]*See, e.g.*, *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunctive relief only, there is a further [standing] requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate only a past injury.").

1  injunctive relief are sought.[11]  Plaintiff also seeks money damages for alleged past

2  injury.

3  **B.  Motion at Docket 12**

4       Defendants also move pursuant to Local Rule 7.2(m)(1) to strike the first eleven

5  pages of plaintiff's motion for a speedy hearing, which include plaintiff's version of the

6  relevant facts.  Defendants argue that plaintiff included background information that is

7  "not authorized . . . by a statute, rule, or court order."[12]  Federal Rule of Civil Procedure

8  57 provides adequate legal basis for plaintiff's motion and factual background is

9  incorporated into most motions, even where facts are disputed.  In any event, the facts

10 alleged in plaintiff's motion for a speedy hearing are not material to the motion's

11 disposition.  Consequently, defendants' motion to strike is moot.

12 **C.  Motion at Docket 7**

13      In response to the merits of plaintiff's contention, defendants argue that the court

14 should not exercise its discretion to consider plaintiff's claim for declaratory relief on an

15 expedited basis because it would not "end the parties' controversy and would only

16 potentially resolve minor parts of the action."[13]  However, ERISA preempts "any and all

17 State laws insofar as they may . . . relate to any employee benefit plan."[14]  If ERISA

18 applies, then plaintiff's state law claims are preempted.[15]  That issue is therefore not

19 "narrow" and could be dispositive.

20

21

22      [11]*See, e.g.*, *id.*; *Coral Const. Co. v. King Cnty.*, 941 F.2d 910, 929 (9th Cir. 1991).

23      [12]LRCiv. 7.2(m)(1).

24      [13]Doc. 12 at 13.

25      [14]29 U.S.C. § 1144(a).

26      [15]*See DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir. 1994) ("The Ninth
27 Circuit has held that ERISA preempts common law theories of breach of contract implied in fact,
   promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract.") (internal
28 quotations and citation omitted).

1    Defendants argue that plaintiff has not demonstrated urgency.  A showing of

2    urgency is not required by the relevant statute or the law of this circuit.  However,

3    expedited consideration of this issue could save the court and the parties tremendous

4    expense.

5                                              **V.  CONCLUSION**

6    For the reasons above, plaintiff's motion at docket 7 for a speedy hearing on his

7    claim for declaratory relief is **GRANTED** as follows:

8    1) The parties shall have 60 days from the date of this order to engage in factual

9    discovery on the issue of whether ERISA applies to the insurance plan in question.

10   2) At the close of the 60-day period of limited discovery, either party may file a

11   properly supported motion for summary judgment pursuant to Federal Rule of Civil

12   Procedure 56 on the question of whether ERISA applies and therefore preempts

13   plaintiff's state law claims.

14   Defendants' motion at docket 11 for judgment on the pleadings, construed in part

15   as a motion to dismiss for lack of subject matter jurisdiction, is **DENIED**.

16   Defendants' motion to strike at docket 12 is **DENIED** as moot.

17   DATED this 21st day of June 2012.

18

19                                        _____
                                                    /s/
                                          JOHN W. SEDWICK
20                                        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28