UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID N. KLUNGVEDT | ) |
|       **Plaintiff,** | )     2:12-cv-00651- JWS |
|       vs. | )     **ORDER AND OPINION** |
| UNUM GROUP and PAUL REVERE LIFE INSURANCE COMPANY, | )     [Re: Motion at Docket 33] |
|       **Defendants.** | ) |

## I.  MOTION PRESENTED

At docket 33, defendants Unum Group ("Unum") and Paul Revere Life Insurance Company ("Paul Revere"; collectively, "defendants") move this court, *in limine*, to preclude plaintiff David Klungvedt ("Klungvedt" or "plaintiff"), his witnesses, or his counsel from introducing into evidence or referring to at trial 24 letters with dates ranging from October 4, 2011 through August 1, 2012 sent by plaintiff's counsel to Unum's claims department.  The motion at docket 33 alternatively asks that if the letters are deemed admissible, the court disqualify plaintiff's counsel from serving as trial counsel because they will become necessary witnesses in contravention of Rule 3.7(a) of the Arizona Rules of Professional Conduct.  Plaintiff opposes the motion at docket 39 and asks the court to impose sanctions on defendants and their attorneys for filing the

motion. Defendants' reply is at docket 46. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Klungvedt purchased a disability insurance policy from Paul Revere in 1988. Unum is the parent company of Paul Revere. Plaintiff submitted a claim for disability benefits in March of 2006 after he was diagnosed with a cyst on his brain. Paul Revere accepted the claim and paid monthly benefits until December 2008, at which time it terminated Klungvedt's benefits, asserting that the medial records did not support Klungvedt's claim of disability.

Beginning in October of 2011, shortly before the complaint in this case was filed, plaintiff's attorneys began writing Paul Revere's claims representative, Tina Giacobbi. The attorneys wrote Ms. Giacobbi 24 letters from October 4, 2011 through August 1, 2012.[1] The letters push for the reinstatement of plaintiff's disability benefits and discuss Klungvedt's condition and the manner in which Klungvedt's claim had been terminated and was being reviewed.[2]

Defendants assert that the letters were written for a jury in anticipation of litigation, are irrelevant, and contain hearsay, factual inaccuracies, and inadmissible opinions about plaintiff's medical condition and the legal merits of plaintiff's case. They also assert the letters contain inflammatory and disparaging comments about Paul Revere and Unum consultants and unfairly attempt to bolster plaintiff's claims and allegations. They filed this motion *in limine* to request that the letters be excluded or significantly redacted pursuant to Federal Rules of Evidence 802 (hearsay), 701 (lay opinion), 702 (expert opinion), 402 (relevance), and/or 403 (more prejudicial than

---

[1] *See* doc. 33-1.

[2] In May of 2012, Paul Revere/Unum reinstated Klungvedt's disability benefits and, a few months later, paid back benefits and interest. Doc. 39-1 at pp. 9, 13, 16. Plaintiff points out that while defendants have paid back benefits, a number of issues still remain in this case, including whether there are damages stemming from the almost three years plaintiff did not have disability benefits.

probative). Alternatively, if the letters are found to be admissible, defendants ask that the plaintiff's attorneys be disqualified pursuant to Rule 3.7 of the Arizona Rules of Professional Conduct ("Rule 3.7")[3] because they will be necessary witnesses in the case by virtue of the letters.

Plaintiff responds first by addressing the disqualification issue. He argues that defendants are improperly threatening to have his attorneys disqualified in response to a ruling by this court that was adverse to defendants. He also argues that defendants have not met the high standard of proof necessary to request attorney disqualification and that the letters his attorneys wrote are not testimonial and, thus, the attorneys cannot be necessary witnesses. Plaintiff then addresses the motion *in limine* by arguing that such a motion is not permitted at this time under the court's scheduling order at docket 26 and is premature because discovery has not started, and he cannot know how or if the letters will be used at trial. He asks that the parties wait until the close of discovery and then meet and confer to discuss how or if the letters will be used at trial, and then file motions as needed at that time.

### III.  STANDARD OF REVIEW

Trial courts have broad discretion when ruling on motions *in limine*.[4]  Unless the evidence in dispute is inadmissible on all potential grounds, rulings on admissibility "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[5]  Even if the trial court makes an *in limine* ruling, it is merely provisional, as it may change its ruling during the course of a trial

---

[3] The United States District Court for the District of Arizona has adopted the Arizona Rules of Professional Conduct.  *See* LRCiv 83.2(e); *Research Corp. Techs., Inc. v. Hewlett-Packard Co.*, 936 F.Supp. 697, 700 (D. Ariz. 1996).

[4] *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

[5] *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993).

1  after evaluating the context and utility of the evidence at issue.[6]  "Denial of a motion in
2  limine does not necessarily mean that all evidence contemplated by the motion will be
3  admitted at trial.  Denial merely means that without the context of trial, the court is
4  unable to determine whether the evidence in question should be excluded."[7]

## IV.  DISCUSSION

**A. Admissibility of the Letters**[8]

The court has reviewed the letters written by plaintiff's attorneys to Paul Revere's claims department.  Plaintiff's attorneys state that they are not sure whether they will seek to introduce the letters as evidence and that they will not know whether the letters hold any evidentiary value until discovery is closed.  While the court recognizes that many admissibility issues cannot be adequately addressed before more information is known about how plaintiff plans to use the letters or the context in which they may be introduced, the court can nonetheless provide guidance at this early stage by informing the plaintiff that portions of the letters are inadmissible.

Some of the letters set forth the attorneys' opinions about Klungvedt's medical conditions and the consequences of these conditions on Klungvedt's abilities.  In other words, they contain the attorneys' version of the facts of the case.  For example, in the letter dated October 4, 2011, the attorney states that "[t]he cumulative effect of [Klungvedt's] medical conditions, particularly when they occur simultaneously, is to

---

[6] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *See Luce v. United States*, 469 U.S. 38, 41 (1984) (recognizing that any harm flowing from a district court's in limine ruling is wholly speculative because the ruling is subject to change as the case unfolds); *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) ( "A district court may change its ruling at any time for whatever reason it deems appropriate." ).

[7] *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

[8] Plaintiff argues that this motion is premature and in violation of the court's order at docket 26 (plaintiff mistakenly references doc. 29 in his brief; the scheduling and planning order is at doc. 26).  At docket 26 the court stated that motions *in limine* should be filed no later than August 19, 2013.  While the motion may be early in terms of having information about the potential evidentiary purposes of the letters at issue, defendants are not in contravention of the court's order, as it merely sets a deadline.

-4-

reduce Mr. Klungvedt's cognitive ability to a level where he cannot function normally."[9] The attorney also states in that letter: "Because of the arachnoid cyst and its effects, Mr. Klungvedt can no longer perform the duties of his former occupation."[10] The February 15, 2012 letter states that "Mr. Klungvedt is a vulnerable adult with impaired cognitive functioning, something you exploited."[11] If these letters are introduced in full at trial, it would be tantamount to the attorney testifying about Klungvedt's medical condition. While including these opinions about and summaries of Klungvedt's medical condition and records in letters to the claims department was fine for the purpose of attempting to get defendants to reinstate Klungvedt's benefits, it is not fine for evidentiary purposes at trial. The attorneys have not been qualified, nor do they purport to be, medical experts, and, thus, if the letters were to be admitted, any portion of the letters setting forth specialized medical knowledge or opinion would be inadmissible under Rule 701(c) of the Federal Rules of Evidence.[12]

The letters also contain the attorney's legal conclusions and opinions on ultimate issues of law. For example, in the October 4, 2011 letter, the attorney states that defendants have breached their obligations to Klungvedt.[13] In that same letter the attorney explains what constitutes bad faith and states that defendants have not acted in good faith.[14] The December 23, 2011 and June 14, 2012 letters also accuse

---

[9] Doc. 33-1 at p. 4.

[10] Doc. 33-1 at p. 5.

[11] Doc. 33-1 at p. 42; *see also, e.g.,* doc. 33-1 at pp. 57-58, 68-69, 85.

[12] Rule 701(c) states that testimony from a lay witness in the form of an opinion "is limited to one that is . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. " Fed. R. Evid. 701(c).

[13] Doc. 33-1 at p. 18.

[14] Doc. 33-1 at pp. 8, 13.

defendants of acting in bad faith.[15] Legal opinion evidence such as this is inadmissible: legal conclusions are for the court to make.[16]

The letters also present hearsay problems. Not only are the letters themselves likely hearsay, they contain additional layers of hearsay because they often discuss and summarize other people's statements. The letters frequently summarize medical records and medical literature and doctors' medical opinions.[17] There is, apparently, a significant amount of evidence related to the case—the attorneys' letters summarize and discuss a great deal of it. But the original source should be introduced to prove the relevant facts, not the letters.

Of course, there may be some purpose for introducing portions of the letters that is not yet known to the court or the parties. If that is the case, however, only those portions that do not set forth specialized or expert opinions or legal opinions, and are not hearsay (or fall within an exception to the hearsay rule) can be admitted. Other portions of the letters would have to be redacted.

**B. Attorney Disqualification**

Defendants motion the court to disqualify plaintiff's attorneys, but only if the letters are deemed admissible evidence. The court concludes that such an action is not warranted. While plaintiff opposes the motion *in limine* and believes there may be a yet unknown reason to introduce some of the letters, he has not asserted what letters he believes are relevant and admissible, nor has he asserted that the entirety of any letter needs to be admitted. Thus, the court cannot conclude that the letters are a crucial piece of evidence in this case, and the plaintiff's attorneys will be necessary witnesses

---

[15] Doc. 33-1 at pp. 28, 79; s*ee also, e.g.,* doc. 33-1 at 29, 34, 61-64, 68, 69, 79-80, 91 (discussing governing law and setting forth legal arguments).

[16] *Pinal Creek Group v. Newmont Mining Corp.*, 352 F.Supp.2d 1037, 1043 (D. Ariz. 2005).

[17] *See, e.g.*, doc. 33-1 at pp. 3-5, 9, 12, 14-17, 23, 24-25, 49-65, 67, 73, 75; *see also* doc. 33 at pp. 6-7 (listing portions of the letters that contain internal hearsay).

because of the letters.  Furthermore, as the court noted above, the letters are rife with admissibility issues that plaintiff would have to overcome before any portion of a letter could be introduced at trial.  Therefore, at this juncture, it appears unlikely that the letters will cause plaintiff's attorneys to become necessary witnesses.

**C. Sanctions**

Plaintiff asks that the court impose attorneys' fees under 28 U.S.C. §1927 for "knowingly filing meritless and improper motions."[18]  Section 1927 states that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[19]  A request for sanctions must be supported by a finding of subjective bad faith.[20]  The court has considered plaintiff's argument, but concludes that defendants were not acting in bad faith when they filed the motion.  Preferably, defendants would have waited to see if plaintiffs planned to use the letters before filing the motion; however, it was not vexatious to file it early.  There are genuine admissibility issues with the letters as noted above.  Furthermore, while the court found defendants' argument for disqualification without merit, it does not believe defendants were acting in bad faith by raising the issue.  To the contrary, the defendants cited authority in support of the application of Rule 3.7 when a lawyer has authored letters that are admitted into evidence.[21]

---

[18] Doc. 39 at 11.

[19] 28 U.S.C. §1927.

[20] *In re Keegan Mgmt. Co, Sec. Litigation*, 78 F.3d 431, 435 (9th Cir.1996).

[21] Doc. 33 at p. 14; doc. 46 at pp. 13-14.  *See, e.g., Ayus v. Total Renal Care, Inc.,* 48 F. Supp. 2d 714 (S.D. Tex. 1999) (holding that disqualification was proper under Texas's equivalent of Rule 3.7 after finding that an attorney's letters were necessary evidence).

## V.  CONCLUSION

For the foregoing reasons, defendants' Motion *in Limine* is hereby granted in part and denied in part:  The portions of the letters that contain expert opinions or legal opinions are inadmissible.  While there will certainly be hearsay and relevancy issues if plaintiff seeks to introduce the remaining portions of the letters into evidence at trial, the court concludes that such issues are better addressed closer to trial at the close of discovery and, therefore, to the extent defendants' request that the letters be deemed inadmissible in their entirety, that request is denied without prejudice to renew.

Defendants' alternative request to disqualify plaintiff's attorneys is denied.  However, the court will not impose sanctions under 28 U.S.C. § 1927 as requested by plaintiff in his response brief.

DATED this 31st day of October 2012

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE