UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID N. KLUNGVEDT<br><br>      Plaintiff,<br><br>      vs.<br><br>UNUM GROUP and PAUL REVERE<br>LIFE INSURANCE COMPANY,<br><br>      Defendants. | 2:12-cv-00651- JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Dockets 36 and 40] |

## I.  MOTIONS PRESENTED

At docket 36, defendants Unum Group ("Unum") and Paul Revere Life Insurance Company ("Paul Revere"; collectively, "defendants") filed a motion asking for permission to amend their answer to the second amended complaint filed by plaintiff David Klungvedt ("Klungvedt" or "plaintiff").  Defendants propose to amend their answer in order to admit that ERISA does not apply to plaintiff's disability insurance policy.[1]  Plaintiff filed a response in opposition to the motion at docket 42.  He also filed the same document at docket 40 as a separate motion for partial summary judgment on the

---

[1] Doc. 36-1 at ¶¶ 9, 11, 121, 207.

issue of ERISA applicability.  In the document, plaintiff argues that defendants knew ERISA does not apply, but led him to believe that it applies and that they refused to acknowledge ERISA's inapplicability when pressed to do so and instead conducted unnecessary and frivolous discovery.  He asks that the court impose sanctions on defendants and their attorneys for their conduct.  Defendants did not file a reply to their original motion but instead, at docket 55, filed a response to plaintiff's summary judgment motion and request for attorneys' fees.  In the response, defendants do not oppose plaintiff's request for summary judgment on the issue of ERISA's applicability, but they oppose plaintiff's request for attorneys' fees.  Plaintiff filed a reply at docket 57.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Klungvedt purchased a disability insurance policy from Paul Revere in 1988.  Unum is the parent company of Paul Revere.  Plaintiff submitted a claim for disability benefits in March of 2006 after he was diagnosed with a cyst on his brain.  Unum, through its subsidiary Paul Revere, accepted the claim and paid monthly benefits until December 2008, at which time it terminated Klungvedt's benefits, asserting that the medial records did not support Klungvedt's claim of disability.  Klungvedt maintains that Unum wrongfully terminated his benefits under the policy.

Klungvedt filed suit in Arizona state court in 2012, asserting claims for breach of contract and bad faith, and seeking a declaratory judgment that 1) ERISA does not apply to the insurance policy at issue, and 2) that language in a letter from Unum to Klungvedt describing his rights was misleading.  The motions at dockets 36 and 40 ask the court to resolve the first declaratory judgment issue—ERISA's applicability to plaintiff's disability insurance policy.  Both parties now agree that ERISA does not apply to the insurance policy.  Defendants want to simply amend their answer to now admit that it does not apply, and plaintiff opposes that request and asks for summary judgment on the issue instead.

Defendants argue that their delay in admitting ERISA's inapplicability is justified. They assert that while they never contended ERISA applies, and in fact admitted in the answer that they did not have any information that would suggest the policy is covered by ERISA and did not assert ERISA as a defense, they nonetheless could not affirmatively and absolutely admit in their answer that ERISA does not apply until they considered the matter from a legal standpoint and conducted discovery. The attorneys believed that an unequivocal admission on the ERISA issue without an opportunity to conduct discovery was ill-advised.[2]

Plaintiff asked the court to determine the issue on an expedited basis.[3] He argued that counsel's refusal to absolutely deny ERISA's applicability when asked, coupled with what he believes to be ambiguous language in Klungvedt's termination letter suggesting ERISA applies and the claim representative's statement that "any dispute concerning whether or not ERISA truly applies would be determined by the court,"[4] meant defendants were planning to assert ERISA as a defense at some point. Defendants filed their answer at docket 9, admitting that they did not have any information that would suggest the policy was part of an employer-sponsored employee welfare benefit plan or was otherwise covered by ERISA, but refusing to admit that ERISA is inapplicable. Plaintiff stated that a limited discovery period on the issue would be prudent in order to resolve the issue early in the litigation.[5] After considering the briefings, the court granted defendants "60 days . . . to engage in factual discovery on the issue of whether ERISA applies."[6] Discovery on the issue is complete, and defendants now admit that ERISA does not apply.

---

[2] Doc. 18 at pp. 4-5.

[3] Doc. 7.

[4] Doc. 7-2 at p. 4.

[5] Doc. 15 at p. 5.

[6] Doc. 20 at p. 6.

Plaintiff opposes the request to amend and instead wants the court to grant him partial summary judgment and to sanction defendants' attorneys for delaying a resolution of this issue. He argues that he agreed to discovery because he thought defendants must have had information suggesting ERISA applies, but the discovery requests submitted show they were just delaying and knew all along that ERISA does not in fact apply. He wants sanctions against defendants' attorneys.

### III.  STANDARD OF REVIEW

**A. Motion to Amend**

The decision to permit or deny a motion for leave to amend rests within the sound discretion of the trial court.[7] In deciding whether to grant leave to amend, courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[8]

**B. Motion for Partial Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[9]

**C. Motion for Attorneys' Fees under 28 U.S.C. § 1927**

Section 1927 states that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

---

[7] See *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-86 (9th Cir.1987) (citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981)).

[8] See *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

[9] Fed. R. Civ. P. 56(a).

conduct."[10]  "The use of the word 'may'—rather than 'shall' or 'must'—confers substantial leeway on the district court when imposing sanctions."[11]  Thus, under § 1927 "[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate."[12]  A request for sanctions must be supported by a finding of subjective bad faith.[13]

## IV.  DISCUSSION

It is settled that ERISA is not applicable in this case.  Defendants have conducted discovery and now do not dispute that fact.  Defendants filed this motion to amend within the deadline set by the court.[14]  Because defendants are not seeking an extension of the deadline in the scheduling order, the court looks to Rule 15 to determine whether an amendment is proper.[15]  Rule 15 provides for a liberal amendment policy.[16]  As stated above, the court has discretion in determining whether an amendment is proper but generally should look at undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[17]  It is clear that the amendment is not

---

[10] 28 U.S.C. §1927.

[11] *Haynes v. City & County of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012).

[12] *Trulis v. Barton,* 107 F.3d 685, 694 (9th Cir.1995).

[13] *In re Keegan Mgmt. Co, Sec. Litigation*, 78 F.3d 431, 435 (9th Cir.1996).

[14] Doc. 26 at p. 7 (motions to amend pleadings or add parties shall be served and filed not later than September 10, 2012).

[15] *See Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 609-10 (D. Ariz. 2006) (noting that Fed. R. Civ. P. 16 applies if the amendment is requested after the deadline set by the court in a scheduling order and stating that the standard for granting an extension for an amendment deadline in a scheduling order is a good cause standard while the standard for Rule 15 is a more liberal standard that looks at bad faith).

[16] *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (noting the liberal amendment policy).

[17] *See supra* note 8.

futile and that defendants have not previously amended their answer, but plaintiff's motion at docket 40 raises issues of delay, bad faith, and prejudice, and thus the court will look at these three factors.

Plaintiff asserts that defendants were engaging in delay tactics and bad faith by waiting this long to admit ERISA inapplicability, but this court cannot make such a finding. As defendants point out, ERISA broadly provides that an employee welfare benefit plan can be funded "through the purchase of insurance or otherwise." 29 U.S.C. §1002(1). Therefore, the fact that a plaintiff has an individual disability insurance policy does not necessarily mean that his policy is not governed by ERISA. Furthermore, Klungvedt does not cite to authority to support his argument that defendants had to demonstrate they possessed information raising a bona fide question about ERISA's applicability before they could conduct discovery. Defendants did not have such information, but they were forthcoming in their answer by admitting that fact. They nonetheless believed it legally prudent to conduct discovery, because as litigation unfolds an insurance company may learn that a policy previously thought to be a non-ERISA policy is in fact part of an employer welfare benefit plan and governed by ERISA, especially where the insured operates a small business at the time of the policy acquisition. Such a position is reasonable.

Plaintiffs do not provide authority to support an argument that Klungvedt's policy application, the policy itself, and the payment structure are the only pieces of information that are needed to determine whether ERISA applies. It was reasonable for the defendants to make their own inquiries. The court has reviewed the discovery requests and the transcript from Klungvedt's deposition and believes that defendants' discovery was not obviously frivolous.

Plaintiff, in his request for attorneys' fees under 28 U.S.C. § 1927, argues that defendants' conduct has prejudiced him because it has delayed the litigation and wasted the plaintiff's time and money. While the court recognizes that defendants' resistance on this ERISA issue has created extra briefing and taken up resources and

time, it cannot conclude that their position was in bad faith or a delay tactic.  Plaintiff moved for expedited consideration of the issue when defendants would not stipulate that ERISA is inapplicable without having had the opportunity for discovery.  Plaintiff agreed that limited discovery would be acceptable.  Furthermore, while the early discovery caused plaintiff to expend time and money at the outset of the litigation, it is time and money plaintiff would have eventually spent because defendants would have asked plaintiff for discovery on the issue in due course, as it was one of the claims raised in the complaint.  Plaintiff has not been unduly prejudiced by defendants' position and request to amend their answer.

Based on the foregoing discussion, the court concludes that an amendment is proper.  While at docket 20 the court contemplated that a motion for summary judgment would be filed after defendants completed their discovery, an amendment clarifies defendants' position and demonstrates that there is no longer an issue as to ERISA's applicability—it does not apply.  However, to the extent that plaintiff requests summary judgment instead, it is clear there is no genuine issue of material fact regarding this issue, and plaintiff is entitled to judgment as a matter of law.  Indeed, defendants do not oppose the motion for partial summary judgment.  But sanctions against defendants under 28 U.S.C. § 1927 are not warranted, as this court has not found bad faith on the part of defendants.

The court notes that this order only addresses the issue of ERISA's applicability.  It does not purport to make any findings about the other declaratory judgment issue, which is whether defendants' termination letter to plaintiff contained misleading information regarding his appeal rights.

### V.  CONCLUSION

Defendants' motion to amend its answer at docket 36 is granted, and the proposed amended answer at docket 36-1, which admits that ERISA is inapplicable, may be filed.

Plaintiff's motion at docket 40 is granted in part and denied in part. His request for summary judgment in his favor on the issue of ERISA's inapplicability is granted, but his request for sanctions against defendants' counsel is denied.

DATED this 31st day of October 2012

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE