UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID N. KLUNGVEDT, | ) |
| Plaintiff, | ) 2:12-cv-00651- JWS |
| vs. | ) ORDER AND OPINION |
| UNUM GROUP and PAUL REVERE LIFE INSURANCE COMPANY, | ) |
| | ) [Re: Motion at Docket 59] |
| Defendants. | ) |

## I.  MOTION PRESENTED

At docket 59, defendants Unum Group ("Unum") and Paul Revere Life Insurance Company ("Paul Revere"; collectively, "defendants") move this court to preclude plaintiff David Klungvedt ("Klungvedt" or "plaintiff") from deposing Mr. Jack McGarry ("McGarry") because he is a high-ranking corporate official without any personal or relevant knowledge regarding the issues in this case.  Plaintiff opposes at docket 67, and defendants reply at docket 77.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Klungvedt purchased a disability insurance policy from Paul Revere in 1988. Unum is the parent company of Paul Revere.  Plaintiff submitted a claim for disability benefits in March of 2006 after he was diagnosed with a cyst on his brain.  Paul Revere accepted the claim and paid monthly benefits until December 2008, at which time it terminated Klungvedt's benefits, asserting that the medical records did not support Klungvedt's claim of disability.

Klungvedt filed this lawsuit against defendants in state court.  Defendants removed the case to this court.  Klungvedt's second amended complaint sets forth a breach-of-contract claim and an insurance bad faith claim against defendants. Additionally, the complaint sets forth a claim for declaratory relief, asking the court to declare that ERISA does not apply to plaintiff's individual disability insurance policy and that the appeals language Unum uses in its termination letters, including the one plaintiff received on December 2, 2008, is deceptive and inconsistent with Unum's obligations of good faith and fair dealing and is deceptive and inconsistent with the policy itself.  The language plaintiff contends is deceptive is as follows:

> If you do not have additional information, disagree with our determination, and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date of this letter. . . . If we do not receive your written appeal within 180 days of the date of this letter, our claim determination will be final.

Plaintiff asserts that this language purposefully misleads denied claimants into believing that their policies are governed by ERISA and misleads them into believing that they may not be entitled to further relief if they do not submit to Unum's appeal process.  He asserts that the language does not adequately and clearly set forth a claimant's rights and remedies.

Defendants subsequently admitted that ERISA does not apply to plaintiff's policy, and the court therefore disposed of that issue at docket 62.  The only remaining issue for declaratory relief relates to the appeals language in the termination letter plaintiff received on December 2, 2008; namely, whether that language is deceptive and

inconsistent with plaintiff's policy and with Unum's obligation of good faith and fair dealing.

On September 24, 2012, plaintiff filed a notice of deposition of McGarry, who is currently Unum's Executive Vice President of Individual Disability and Long Term Care Closed Block Operations, one of four executive vice presidents in the company with only Unum's President/CEO ranking above him.  Defendants filed this motion for a protective order to prevent the deposition from taking place under Rule 26(c) of the Federal Rules of Civil Procedure, arguing that the deposition of McGarry, a high-ranking or "apex" corporate official, is burdensome and unwarranted in that McGarry does not have any personal or relevant knowledge about the information sought and such information can be obtained through less burdensome methods, such as deposing a designated corporate representative under Rule 30(b)(6).  Plaintiff disagrees and argues that McGarry has information relevant to: (1) the drafting or use of the appeals language used in benefit termination letters; (2) the decision whether to correct the appeals language used in termination letters once put on notice that it was confusing; (3) Unum's initiative to use plain language in its products; and (4) the strategic decisions related to improving the company's performance in the realm of individual insurance policies.

### III.  STANDARD OF REVIEW

Trial courts have broad discretion in matters related to discovery.[1]  While generally any matter relevant to a claim or defense is discoverable, Rule 26(b)(2) of the Federal Rules of Civil Procedure grants district courts the power to limit the scope of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

---

[1] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting that broad discretion is vested in the trial court to permit or deny discovery).

expensive."[2]  Furthermore, under Rule 26(c) a party from whom discovery is sought may move for a protective order, and if good cause is found, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The party seeking the protective order has the burden of showing good cause by demonstrating harm or prejudice that will result from the requested discovery.[3]

## IV.  DISCUSSION

Defendants argue that the court should issue a protective order to prevent the deposition of McGarry because he is a high-level or "apex" executive without personal knowledge of the issues in this case whom plaintiff seeks to depose in order to discover general strategic corporate information that could more appropriately be obtained using less burdensome methods of discovery, like a Rule 30(b)(6) deposition.  Based on the affidavits of McGarry, the court concludes that he is clearly a high-level executive because he is one of the top five executives in the company.[4]  "Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."[5]  This potential for abuse presents the court with a situation where it may be appropriate for it to exercise its discretion to limit discovery under the federal rules.  In considering whether to allow a deposition of an apex executive, the court considers whether the executive has unique, first-hand, non-

---

[2]Fed. R. Civ. P. 26(b)(2)(C)(i).

[3]*Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004).

[4]*See, e.g., Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *3 (N.D. Cal. Feb. 2, 2012) (referring to a company's senior vice presidents as "apex deponents").

[5]*Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007).

repetitive knowledge of the facts at issue in the case and whether the party seeking the deposition has exhausted other less intrusive discovery methods.[6]

As for McGarry's unique personal knowledge, plaintiff does not dispute that McGarry was not involved in the handling of plaintiff's disability claim or the decision to terminate his benefits. Thus, McGarry has no personal knowledge about plaintiff's individual claim.

Plaintiff does, however, assert that McGarry will have information about Unum's institutional practices related to termination decisions and to the appeals language in benefit termination letters. But the court is not convinced that McGarry's knowledge on these subjects will be unique and personal. There is no reason to believe McGarry had a role in drafting the allegedly deceptive language in termination letters or in any subsequent decision to clarify confusing language in its products, if any such decision has in fact been made, especially given McGarry's affidavits that show he has no personal knowledge about such matters. Also, even assuming McGarry had a personal role in the plain language initiative described in plaintiff's response, other than being a corporate spokesperson, the relevance of this initiative is unclear to the court given that this initiative occurred years after plaintiff received his termination letter. Indeed, McGarry's affidavit states that the initiative was related to Unum UK's income protection products, not disability insurance. As for plaintiff's assertion that McGarry's role as Executive Vice President of Individual Disability and Long Term Care necessarily means he will have information regarding the company's strategic decisions related to the improvement of the company's performance in the area of its "closed block" individual insurance policies is not well-taken given that McGarry has only held this position since September of 2012 and plaintiff's benefit termination occurred in 2008. To the extent plaintiff argues that McGarry's role as Senior Vice President of Unum's U.S. Risk Management Organization during the time his benefits were terminated necessarily

---

[6]*Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011).

implies he would know whether Unum had a strategic plan that improperly influenced the decision in his specific insurance case, the court concludes that such knowledge is not unique to McGarry and other less intrusive means of discovery are available to plaintiff on this front.[7]

As for plaintiff's exhaustion of other methods of discovery, plaintiff had not undertaken other methods of discovery before noticing the deposition of McGarry. Other less intrusive methods, such as a Rule 30 (b)(6) deposition, should have been undertaken if plaintiff wanted to discover evidence related to the drafting of the language in the termination letter or evidence related generally to termination of benefits under individual policies. Without having conducted other means of discovery first, plaintiff's request to depose McGarry was made without a solid basis for believing McGarry had some *unique* and personal knowledge related to these issues which makes his deposition more than marginally relevant and enough to outweigh the burden. While discovery may currently be ongoing, plaintiff has not filed any supplement to suggest that some evidence has been discovered to support his argument that McGarry has unique knowledge related to the issues at hand.

In sum, defendants have made the requisite showing of good cause for a protective order by suggesting that the proposed deponant, an "apex" executive, has no unique and personal knowledge of the issues involved in this case and by noting that plaintiff has not conducted less intrusive means of discovery to obtain the general corporate information he seeks.

## V.  CONCLUSION

For the foregoing reasons, defendants' motion for protective order is GRANTED. Plaintiff is precluded from taking the deposition of McGarry at this time. However, in the event plaintiff develops a *detailed and specific basis* upon completion of other

---

[7] *See id.* ("Where a high-level decision maker removed from the daily subjects of the litigation has no unique personal knowledge of the facts at issue, a deposition of the official is improper." (internal quotations omitted)).

discovery, including a Rule 30(b)(6) deposition, to suggest that McGarry has *unique, relevant, personal knowledge,* he can renew his request for a deposition.  The court notes that a valid basis for such a request seems unlikely given the affidavits of Mr. McGarry, which suggest he was not involved in the drafting or inclusion of the appeals language at issue or in any initiative to rewrite or clarify language in benefit termination letters.

DATED this 13th day of February 2013

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE